UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

ROBERT NEUWIRTH,                                    Civil Action No.:

                          Plaintiff,

           -against-                          **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

CAPITOL ONE,

                          Defendants.

-----------------------------------------------------------------X

      Plaintiff, ROBERT NEUWIRTH ("Plaintiffs"), by and through his attorneys, M. Harvey Rephen & Associates, P.C.

By Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, CAPITOL ONE (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

**PARTIES**

2. Plaintiff ROBERT NEUWIRTH is a resident of the State of New Jersey, residing at 943 W. Kennedy Blvd., Lakewood, New Jersey 08701.

3. Defendant CAPITOL ONE is an VIRGINIA corporation with an address located at 1680 CAPITOL ONE DRIVE Mc LEAN, VA 23238.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On or about July 3rd 2016, Defendant began communicating with Plaintiff by means of telephone calls and text messages to the Plaintiff's mobile telephone numbers of 848-240-3401 and 848-240-3416.

8. Between the dates of July 3 2016 to September 26 2016 the Defendant texted the Plaintiff 177 times.

9. On September 26th 2016 the Plaintiff called into the Defendant in response the calls and texts and connected with a female representative. The Plaintiff gave his social security number and name to access the account.

10. The representative located the account which was under Plaintiff's wife's name.

11. The Plaintiff stated that he wanted all communications to cease and desist on his wife's account except by U.S. mail.

11. The representative asked if he was the primary card holder. The Plaintiff just reiterated he wanted all communications to cease and desist except by mail on the account.

12. The representative stated she needs to confirm he is calling for Mrs. Neuwirth.

13. The Plaintiff explained it's his wife's account but he is the one getting the emails and calls and he would like them to stop.

14. The representative asked for his social security number and the Plaintiff stated he would rather not give it out. The Plaintiff was placed on hold and another representative by the name of Emily came back on the line.

15. The Plaintiff explained that he wanted a cease and desist of all communications from the account except by U.S. mail.

16. The representative then asked for the social security number and the Plaintiff asked who's social she needed, his or the

number associated with the account.

17. The representative asked who he was and he stated he was Robert Neuwirth and he was calling about his wife's account.

18. The representative stated before they give him information they would need to verify his social security number.
The Plaintiff gave his social and stated again the card he is calling about is under his wife's name.

19. The representative came back and asked if he would like to leave information to share for marketing purposes.

20. The Plaintiff stated over and over that he was just trying to have a cease and desist on all communications on the
account except by us mail.

21. The representative stated they would need the primary card holder to ask and would need to speak to her.

22. Once again, the Plaintiff stated he was the one getting calls and emails and would like for them to stop.

23. The representative said that he could leave his information and she could work on his request. They went back
and forth several times before the Plaintiff finally left his information and the representative stated that the request was being
processed and that it may take up to 30 days for it to be completed and the call was concluded.

24.     After the conclusion of the call and Plaintiff's repeated request not to be contacted in any way but by mail,

the Plaintiff received at least 207 texts between the dates of September 27th 2016 and January 8th 2017 making it at least 384 texts in all.

**FIRST CAUSE OF ACTION**
*(Violations of the TCPA)*

25.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 24" herein with

the same force and effect as if the same were set forth at length herein.

26.     According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person

outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an

artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is

charged for the call.

27.     Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from

banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with

a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly

mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the

following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

28.  Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

29.  Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

30.  Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.  For actual damages provided and pursuant to 47 U.S.C. Section 227;

B.  For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

Case 3:17-cv-02248-PGS-LHG   Document 1   Filed 04/04/17   Page 7 of 7 PageID: 7

C. A declaration that the Defendant's practices violated the TCPA;

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: April 3, 2017

Respectfully submitted,

_____
EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK  10464
TEL:(914)473-6783

*Attorney for the Plaintiff* ROBERT NEUWIRTH

To: CAPITOL ONE
 1680 CAPITOL ONE DR
 Mc LEAN, VA 23238
 (*Via Prescribed Service*)

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608
(*Via Electronic Court Filing*)